UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW R. LOPEZ,
    Plaintiff,

v.

G. OLSON, et al.,
    Defendants.

Case No. 17-cv-02087-PJH

**ORDER TO SHOW CAUSE**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has also filed an application to proceed in forma pauperis. Plaintiff alleges that he is receiving inadequate medical care at Pelican Bay State Prison. He states that his prescription for artificial tears was renewed at half the dosage and his Gabapentin pain medication was reduced and eventually phased out. Plaintiff argues that medical staff will only provide opioid pain medication in very rare cases. Plaintiff states he is in severe pain and has trouble sleeping and performing daily activities.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal

quotation marks omitted). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or importance: having no basis in law or fact." *Id.* (internal quotation marks omitted). Further, because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or "strikes." *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A court may count as strikes dismissals of district court cases as well as dismissals of appeals. *See Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by § 1915(g)). A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claim if he pays the full filing fee at the outset of the action.

It appears that plaintiff has at least three strikes pursuant to § 1915(g). In *Lopez v. Yamat*, No. 07-cv-1765 FRZ (E.D. Cal. Jan. 23, 2009), the court dismissed plaintiff's action for his repeated failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The Ninth Circuit affirmed the dismissal for failing to comply with Rule 8. *See* Docket No. 33. The district court dismissal constitutes a strike as frivolous and for failure to state a claim.

In *Lopez v. Cate*, No. 11-cv-0806 MCE KJN (E.D. Cal. Sep. 29, 2011), the court dismissed plaintiff's claims as barred by the statute of limitations. The Ninth Circuit did not allow the appeal to proceed because it was so insubstantial as to not warrant further review. Docket No. 29. The statute of limitations dismissal by the district court constitutes a strike. *See Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015) (affirming the strike finding for a case that was dismissed as untimely).

In *Lopez v. Beard,* No. 13-cv-1556 LJO GSA (E.D. Cal. May 22, 2015), the court dismissed plaintiff's claims for failure to state a claim. Plaintiff challenged his denial of parole by the Board of Parole Hearings and the rules and regulations that were employed. The court noted that plaintiff could file a habeas petition to challenge the denial so dismissed the case without prejudice. However, court records indicate that

2

plaintiff had already filed many habeas petitions including a petition challenging the same parole denial. *See Lopez v. Brown*, No. 12-cv-1172 AWI BAM (E.D. Cal. Oct. 9, 2012). The court denied the petition on the merits approximately one year before plaintiff filed the civil rights action. The Ninth Circuit did not allow the appeal in the civil rights action to proceed because it was so insubstantial as to not warrant further review. Docket No. 21 in *Lopez v. Beard,* No. 13-cv-1556 LJO GSA. Therefore, the district court dismissal constitutes a strike for failure to state a claim.

Plaintiff shall show cause by **June 26, 2017**, why this case should not be deemed three strikes barred and the application to proceed in forma pauperis denied. Failure to reply will result in dismissal

**IT IS SO ORDERED.**

Dated: June 2, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2017\2017_02087_Lopez_v_Olson_(PSP)\17-cv-02087-PJH-osc_p.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>G. OLSON, et al.,<br><br>    Defendants. | Case No. 17-cv-02087-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 2, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andrew R. Lopez ID: D-86271
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: June 2, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON